IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DIANNE MARTRAY, | |
| Plaintiff, | 2:16-CV-01363-JFC |
| vs. | ECF NOS. 3 AND 16 |
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, | |
| Defendant, | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Transamerica Premier Life Insurance Company, f/k/a Monumental Life Insurance Company ("Transamerica") (ECF No. 3) be denied.

### II. REPORT

#### A. PROCEDURAL STATUS

Presently before the court is a motion to dismiss Plaintiff's complaint filed by Defendant. The undersigned filed a Report and Recommendation recommending a denial of the Motion to Dismiss on October 7, 2016 (ECF No. 13). Defendant filed Objections on October 20, 2016 (ECF No. 14) and Plaintiff filed a Response on November 7, 2016 (ECF No. 15). Following de novo review, District Judge Joy Flowers Conti entered an Order remanding the matter to the undersigned to address issues raised in the Defendant's Objections that were not addressed in the original Report and Recommendation (ECF No. 16).

## B. ADDITIONAL ISSUES RAISED IN OBJECTIONS

Defendant argues that the Magistrate Judge mischaracterized the reason that Transamerica denied coverage by stating that it was because the Decedent took prescription drugs. In fact, the reason Transamerica denied coverage, according to its Objections, was because the complaint stated that Decedent was not taking prescription drugs "as prescribed by a physician." Transamerica further argues that it relied on the Coroner's Toxicology Report, which stated : "Acute combined drug toxicity – Ambien, Cymbalta, Amphetamine, Remeron…noted as a contribution [sic] factor." Transamerica further relies on a letter from the Fayette County Coroner, responsive to a request from the company, that acute combined drug toxicity had something to do with the death. Finally, an Independent Toxicologist concluded that "[The Decedent] would have been intoxicated from the combined effects of the medication prescribed." These statements were made in the June 11, 2015 denial letter sent by defendant to Plaintiff, purportedly quoting from other documents. The denial letter was attached as Exhibit C to Plaintiff's Complaint, filed in the Court of Common Pleas of Fayette County.

Plaintiff argues in Response that because an exhibit is attached to a Complaint, the pleader does not adopt as true all of the exhibit, citing *Moore's Federal Practice,3d §10.5[5]* and *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998). She notes that the complaint was first filed in state court and, therefore, was meant to comply with those pleading rules. Pennsylvania is a fact pleading state and Pa.R.Civ.P. 1019(i) requires the pleader to attach a copy of any writing on which a claim is based. Plaintiff argues that the letter denying the claim was attached solely for the purpose of establishing a date for the commencement of the statute of limitations, a time frame for the bad faith claim and to provide proof of denial of the policy claim. Plaintiff further argues that it would be absurd to assume that

because the letter was attached to the complaint she was adopting every statement therein as true.

In addition, the Independent Toxicology Report referenced by Defendant is not part of the record, only referenced in the denial letter. Plaintiff further questions the "independence" of the toxicologist, as is her right.

To clarify the basis for the Recommendation of a denial of the Motion by the undersigned, it was not that Transamerica denied coverage because Decedent took prescription drugs, it was that the record as to whether he was or was not taking the prescription drugs "as prescribed" was not yet developed. Plaintiff should be given an opportunity to conduct discovery on this issue and retain her own "independent" toxicologist if she so chooses. The undersigned agrees with Plaintiff, that the fact that the denial letter was attached to her Complaint does not establish the veracity of every statement contained therein. As Plaintiff argues, such a result would be absurd.

The second issue raised by Defendant was the statement in the Report and Recommendation that "[i]n the case sub judice, it has not been established that the Decedent took more than the prescribed dose of his medications, and his death was not caused by an overdose of medication, but by carbon monoxide poisoning." (ECF No. 13 at 4.) Again, Defendant argues that this statement is inaccurate because the Coroner's Report and the Independent Toxicologist- hired by Defendant- confirm that Decedent was not taking medication "as prescribed" by a physician. Plaintiff makes the same argument in response. That is, the record is far from developed and Defendant cannot at this stage of the pleading, without allowing Plaintiff any opportunity to cross examine either the Coroner or the Defendant's Toxicologist, establish that Decedent was not taking his medication as prescribed.

Third, Transamerica argues that the undersigned incorrectly stated that the Complaint alleged misconduct on its part. While not certain that it has any implication, the undersigned retracts that

statement. The Complaint does not use the word misconduct. It alleges bad faith and breach of contract.

The final argument does not raise any issue not addressed in the Recommendation but quarrels with the legal analysis of whether the burden of proof remains with Defendant to prove the applicability of an exclusion. Defendant again asserts that the documents attached to the Complaint, as referenced above, prove that Decedent was not taking his medications as prescribed and therefore Defendant has met its burden. For the reasons argued by Plaintiff, the fact that the denial letter from Transamerica references a toxicology report and the Coroner's Report does not make them true for purposes of the Complaint and this Motion. As stated in the original Report, an exclusion is an affirmative defense and the pleadings do not establish the material fact that Decedent was not taking his medications as prescribed.

With the exception of the use of the word "misconduct" in the final sentence of the Recommendation portion of ECF No. 13, p. 5, the undersigned hereby incorporates the entirety of the Report and Recommendation into this Supplemental Report and Recommendation.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Transamerica (ECF No.3) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: December 28, 2016					BY THE COURT:


					_____
					LISA PUPO LENIHAN
					United States Magistrate Judge